James T. Hair Co. v. Daily.

---

## James T. Hair Company v. Charles T. Daily.

58  647
161s 379

1. ACCOUNT—*Jurisdiction of Courts of Equity.*—Courts of equity will entertain jurisdiction in matters of account, not only where there are mutual accounts but also where the accounts to be examined are on one side only, and a discovery is wanted in aid of the account and is obtained; but in such a case if no discovery is required by the frame of the bill the jurisdiction will not be maintained.

2. BILL OF DISCOVERY—*Effect of Waiving an Answer Under Oath.*— The effect of waiving an answer under oath to a bill of discovery is to deprive the court in which the bill is filed of its jurisdiction for a discovery.

3. EQUITY—*Jurisdiction—Damages.*—A court of chancery has no jurisdiction of a claim for damages.

**Bill for Accounting, etc.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

BEACH & BEACH, attorneys for appellant.

It is contended that a bill for discovery is proper whenever the complainant has no other proof than that which is sought to be obtained by its means from the defendant; and where the defendant, while acting as the agent for the complainant, has received money which his principal is entitled to, the particulars and amount of which are unknown to the principal, a bill for discovery and an accounting should be maintained. And where a discovery is sought and is obtained, a court of equity has jurisdiction and will proceed to hear the entire case and grant full relief. A court of equity having obtained jurisdiction for any purpose will retain it and proceed to grant relief that is purely legal. Citing K. R. Co. v. Davis et al., 40 Ill. App. 616; Cannon v. McNab, 48 Ala. 99; Story's Eq. Jur., Vol. 1, Sec. 456 (13th Ed.); Russell v. Madden, 95 Ill. 485 (493); Taylor et al. v. Tompkins, Admr., 2 Heisk. (Tenn.) 89; Russell v. Clark's Executors, 7 Cranch (U. S.) 69.

The gross fraud thus perpetrated upon complainant by the defendant should of itself be a sufficient ground for the intervention of a court of equity. We believe the rule to be well settled, that matters of account between persons holding confidential relations toward each other are peculiarly within the appropriate jurisdiction of courts of equity. 1 Story's Eq. Jur., Sec. 465; Fowler v. Lawrason 5 Pet. (U. S.) 495; Post v. Kimberly, 9 Johns. (N. Y.) 493; Corporation of Carlisle v. Wilson, 13 Ves. Jr. 276; Bruce v. Berdett, 1 J. J. Marsh. 82; Hipp v. Papin, 19 How. 278; Watt et al. v. Conger, 13 Smedes & Marshall (21 Miss.) 412.

The jurisdiction of a court of equity does not depend on the absence of a common law remedy, for, although there

may be a remedy at law, it may be inadequate to meet all the requirements of the particular case or to effect complete justice between the contending parties. And it has often been held that equity will retain jurisdiction solely on the ground that it is the most convenient and effectual remedy. Craig v. McKinney, 72 Ill. 312; Bisph. Eq., 528–530; Watt et al. v. Conger, 21 Miss. 412; Taylor et al. v. Tompkins, Admr., 2 Heisk. (Tenn.) 89; 1 Story's Eq. Jur., Sec. 457.

JESSE A. & HENRY R. BALDWIN, attorneys for appellee.

It is contended that the remedy in an action at law is full, adequate and complete, and that the decree of the court below dismissing the bill was proper and should be affirmed. No authorities cited.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant filed the original bill October 18, 1894, and the amended bill, to which a demurrer was sustained, and the bill dismissed December 22, 1894. The amended bill sets out three contracts between the parties, of employment by the appellant of the appellee as a traveling agent for the appellant. The first contract dated November 8, 1883, for a term of two years; the second dated May 30, 1885, for the term of two years, and the last dated October 26, 1887, for a term of five years, each in effect, though in varying words, requiring the appellee to devote himself exclusively to the business of the appellant; the second specifically provided against other engagements except upon written permission of the appellant, and then all benefits to belong to the appellant; and the third that the appellee "shall abandon all idea of dabbling in any other schemes."

The bill then very voluminously charges the appellee with misconduct, and alleges that "without any reasonable cause" he quit the service of the appellant about November, 1891, and went into competition with the appellant. An answer under oath is waived. Chancery has no jurisdiction of any claim for damages, and the oath being waived

there is no jurisdiction for a discovery. Sec. 20, Ch. 22, R. S. But the bill alleges that the appellee has made large profits from business in which he engaged in competition with the appellant, during the time he was in the service of the appellant, and of those profits an account is asked and a decree that the appellee be required to pay them to the appellant.

The bill charges that the transactions of which it asks the account were very numerous, during several years and in "different cities and towns in more than a dozen different States." The further allegations that the appellant does not know, and the appellee does know the particulars, and therefore the appellant needs a discovery, are of no avail, because oath to the answer being waived, the appellant could get no discovery; but the appellee might answer as he pleased, and if he avoided matters "irrelevant, impertinent or scandalous," the appellant could not except, but must accept as little information as the appellee might choose to give. Mix v. People, 116 Ill. 265; Brown v. Scot. Am. Mtg. Co., 110 Ill. 235.

All the items, if any there be, are on one side; there is no mutual account. The bill would seem to be only an effort to take testimony before a master instead of a jury.

"Courts of equity will also entertain jurisdiction in matters of account, not only where there are mutual accounts but also where the accounts to be examined are on one side only, and a discovery is wanted in aid of the account, and is obtained. But, in such a case, if no discovery is asked or required by the frame of the bill, the jurisdiction will not be maintained." Story's Eq., Sec. 458.

The mere fact of a fiduciary relation between the parties is not enough to make a case for a court of equity. Taylor v. Turner, 87 Ill. 296.

If the bill be true, the appellant is at liberty to prove it at law and recover whatever he may be entitled to.

The decree is affirmed.