(No. 13763.—Decree affirmed.)

MORRIS MILLER, Appellee, *vs.* NATHAN L. GORDON *et al.*
Appellants.

*Opinion filed February 15, 1921.*

1. LEASES—*no particular words are necessary to create a lease.* No particular words are necessary to create a lease, but whatever is sufficient to show that one party shall divest himself of possession and the other party shall come into it for a determinate time and for a fixed rental amounts to a lease.

2. SPECIFIC PERFORMANCE—*when contract to convey cannot be avoided on ground that provision for lease is indefinite.* A contract to convey real property cannot be avoided by the grantors on the ground that a part of the contract providing that the grantee shall lease the premises to them is not specific and does not contain certain verbal conditions agreed upon by the grantee, where the lease contains all the necessary provisions for a valid lease and is drawn by the attorney for the grantors; but in a suit by the grantee for specific performance, the court, upon a proper showing, may require performance of the alleged parol part of the agreement by the grantee.

3. SAME—*when recording of the contract will not defeat a suit for specific performance.* The alleged wrongful recording by the

vendee of a contract for the conveyance of land cannot be set up by the vendors as a defense to the vendee's suit for specific performance, where the contract was not recorded by the vendee until after the vendors had refused to make a deed.

4. APPEALS AND ERRORS—*when admission of incompetent evidence will not cause reversal.* In chancery the admission of incompetent evidence on the hearing is not cause for reversal where there is sufficient competent evidence in the record to sustain the decree, as the chancellor is supposed to have disregarded all evidence in the case except that which was competent and relevant to the issue.

5. EQUITY—*equity will not permit party to change his position in a controversy.* Where a party gives a reason for his conduct and decision touching any matter involved in a controversy, he cannot, after suit in chancery is started, change his mind and base his conduct upon another and different ground.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

HYMAN POLONSKY, (ABRAHAM MILLER, of counsel,) for appellants.

BLUM & BLUM, (EDGAR C. BLUM, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

June 9, 1919, Morris Miller, appellee, and Nathan L. Gordon and Lena Gordon, appellants, entered into a written contract whereby appellants agreed to sell and appellee agreed to buy, for a consideration of $24,500, certain business property commonly known as 3320 West Twelfth street, in the city of Chicago. Appellee agreed to assume a mortgage indebtedness of $8500 and to pay $1000 at the time of the execution of the contract and $15,000 within five days after he had approved the title to the property, provided appellants had then executed and had ready for delivery a warranty deed conveying to appellee a merchantable title to said premises. The contract further provided:

"Purchaser to execute lease for store and basement (except the part used by tenants of building) to April 30, 1924, at a monthly rental of $125 per month, payable on or before the 10th of each month during said term, and to be used for photograph gallery or merchandise store, with right to assign the said lease." June 25, 1919, an abstract of title was submitted to Isidore Fried, attorney for appellee, and shortly after that he returned it to Robert Edelson, attorney for appellants, together with a memorandum specifying certain objections to the title. About July 13 Fried notified Edelson that he would waive the objections to the title and would accept a warranty deed to the property and would execute a lease in accordance with the terms of the contract. Edelson agreed to prepare the lease so that it would contain all the provisions desired by appellants and agreed to submit the lease and the warranty deed to appellee in a short time. The closing of the deal was postponed from time to time, and six days after appellee's attorney had approved the title to the property appellants' attorney wrote appellee that he had not performed the covenants of the agreement in due time and that the appellants had therefore elected to cancel the contract. A few days later Fried answered the letter written to his client and maintained that appellee was ready and willing to carry out all the terms of the contract and that he had at all times been ready, able and willing to carry out the terms of the contract, and stated that he did not consider appellee in default. Fried then prepared a lease in duplicate, and on July 24, 1919, he and appellee took $15,000 in currency and went to the place of business of appellant Nathan L. Gordon and tendered to him the lease and the $15,000 and demanded of Gordon a warranty deed. Gordon refused to accept the money or the lease and refused to execute a deed. His only excuse was that he could get more money for the property. He made no objection to the lease or to the amount or character of money tendered to him. He re-

fused to deliver to appellee a warranty deed and refused to carry out the contract under any conditions. July 30, 1919, appellee filed his original bill in the circuit court of Cook county, praying for specific performance of the contract. A general and special demurrer to the bill was sustained and the bill was amended several times. The last amended bill was filed January 24, 1920. A general and special demurrer to this amended bill was overruled. Appellant Lena Gordon elected to stand by her demurrer, and appellant Nathan L. Gordon answered the bill. April 29, 1920, appellant Nathan L. Gordon filed a cross-bill, in which he asked that the contract be declared null and void and a cloud upon his title and prayed that it be canceled and removed. The cause was heard by the chancellor on the amended bill and the cross-bill and the answers and replications thereto. The chancellor entered his decree granting the prayer of the bill and dismissing the cross-bill for want of equity. From this decree appellants have prayed and perfected this appeal.

Appellants' contentions are, first, that appellee failed to pay the balance of the purchase price and deliver the lease to appellants within five days after approval of the title to the property, and that he thereby forfeited his right to demand the specific performance of the contract; second, that appellee wrongfully recorded the contract, thereby forfeiting his right to enforce it; third, that the contract was indefinite, incomplete and uncertain in its terms and was incapable of being specifically performed because all the terms were not set forth in the contract; fourth, that the court erred in admitting evidence to supply missing terms of said contract and to alter its terms and conditions; and fifth, that the decree is contrary to the evidence.

There is no contention that the contract is not full and complete except that provision hereinbefore quoted which provides for a lease. The point urged with apparent earnestness, and the only point to which much space is given

in appellants' brief and argument, is, that this clause providing for a lease is so indefinite and uncertain that a court of equity cannot tell what sort of lease was contemplated. With this contention we cannot agree. No particular words are necessary to create a lease. Whatever is sufficient to show that one party shall divest himself of possession and the other party shall come into it for a determinate time and for a fixed rental amounts to a lease. (*Lacey* v. *Newcomb,* 95 Iowa, 287, 63 N. W. 704; *Duncklee* v. *Webber,* 151 Mass. 408, 24 N. E. 1082; 24 Cyc. 901.) The evidence shows that the building on the premises covered by this contract was a three-story brick building with basement; that appellant Nathan L. Gordon was a photographer and occupied the first floor of this building with a photograph gallery; that the second and third stories were leased to tenants and that the basement was used jointly by appellants and their tenants. It is readily ascertainable from the contract that appellee was to execute a lease to appellants for this storeroom and for that part of the basement not then used by appellants' tenants; that the storeroom was to be used by appellants for a photograph gallery or for a merchandise store; that the term of the lease was to begin on the day the title to the property passed from appellants to appellee and was to end April 30, 1924; that the monthly rental was to be $125, payable on or before the 10th of each month during the term of the lease, and that appellants, the lessees, should have the right to assign the lease. The above items are all the essential elements of a valid lease. Many other agreements and conditions might be incorporated in a lease, and usually are, but they are not essential to a complete and binding lease. The law of landlord and tenant supplies all the conditions that are not covered by the instrument provided for in this contract of sale. Appellants claim that appellee was to keep the snow cleaned off the sidewalks and the roof; that he was to make all necessary repairs during the term of the lease;

that he was to keep the plate glass windows insured, and that he was to clean and decorate the storeroom once a year during the term. Even if it be conceded that these additional conditions were agreed upon and were not incorporated in the contract, we see no reason why that should bar appellee from his right to have this contract specifically performed. Appellee is not seeking to alter the conditions of the contract, and if appellants do not agree that it covers all the agreement and if they offer evidence to show that fact, and the court gives them all the benefit of the alleged parol part of the agreement which they claim to have been made, they ought not be heard to complain because they get more than the contract gives them. (*Hall v. Hall,* 125 Ill. 95.) Appellants' attorney drew the contract, the clause for a lease being in his handwriting. Appellee offered to let appellants' attorney draw the lease and to incorporate in it any terms and conditions that were consistent with the lease described in the contract, and offered in court to permit the chancellor to order any lease he considered equitable and within the terms of the contract, and the chancellor has incorporated into the lease provided for in his decree all the conditions contended for by the appellants, and so we are unable to see of what appellants have to complain.

The contract for sale was not recorded by appellee until he had been informed by the real estate agent who handled the deal that appellants thought they could get more money for their property and were going to refuse to carry out the contract. Under such circumstances the recording of the contract did not deprive appellee of his right to demand specific performance. *Cohen v. Segal,* 253 Ill. 34.

Even if it be conceded that the chancellor erred in admitting some of the evidence, it is well settled in chancery practice that the admission of incompetent evidence on the hearing is not cause for reversal, provided there is sufficient competent evidence in the record to sustain the decree. The

chancellor is supposed to have disregarded all evidence in the case except that which was competent and relevant to the issue. (*Mix* v. *People,* 116 Ill. 265; *Dick Co.* v. *Sherwood Letter File Co.* 157 id. 325.) The chancellor saw and heard all the witnesses who testified in open court. While there is some conflict in the testimony, we have set out our conclusions from a review of all the evidence, and the conclusion we have reached is that reached by the chancellor.

We have considered all the questions presented by appellants, and we conclude that the decree of the circuit court was in accordance with the evidence and with equity. We have given attention to many matters which we do not consider necessary to a correct decision of this case but which we feel ought to be considered because of the earnestness with which counsel have brought them to our attention. When appellee called upon appellant Nathan L. Gordon to perform this contract Gordon placed his refusal upon the ground that he could sell the property for more money than appellee had contracted to pay. By placing his refusal to perform the contract on this ground he waived the points he has urged for a reversal of this decree. Where a party gives a reason for his conduct and decision touching any matter involved in a controversy, he cannot, after suit is started, change his mind and put his conduct upon another and different ground. (*Gibson* v. *Brown,* 214 Ill. 330.) Gordon made no objection to the terms of the lease when it was tendered to him, and even if the objection were a valid one, equity and fair dealing will not permit him to raise it now.

The demurrers filed by the appellant Lena Gordon were properly overruled.

The decree of the circuit court is in accordance with the evidence and the law, and is therefore affirmed.

*Decree affirmed.*