The 1500 Sherman Avenue Building Corporation, Plaintiff in Error, v. Paul Perkovic and Nikica Perkovic, Defendants in Error.

Gen. No. 33,672.

Opinion filed January 27, 1930.    Rehearing denied February 10, 1930.

WEIGHTSTILL WOODS, for plaintiff in error; RALPH D. SHANESY and GEORGE DIETRICH, of counsel.

THOMAS B. LANTRY, JOHN J. CORCORAN and WILLIAM CULLEN BURNS, for defendants in error.

MR. JUSTICE MATCHETT delivered the opinion of the court. .

Complainant filed a bill in equity for the specific performance of a contract for a lease with an option to buy certain real estate. Defendants demurred generally and specially. The court sustained the demurrer, and plaintiff electing to abide by its bill, the same was dismissed at complainant's costs. Complainant seeks by this appeal to reverse that order.

The question for determination is whether the court erred in sustaining the demurrer and dismissing the bill. In considering that question the bill is of course construed most strongly against complainant. Only allegations of material facts (not legal conclusions averred) are regarded as admitted. *Big Creek Coal Co. v. Tanner,* 303 Ill. 297; *Gage v. Village of Wilmette,* 315 Ill. 328; *Fowler v. Marion & Pittsburg Coal Co.,* 315 Ill. 312.

The bill alleges that complainant is a corporation under the laws of Illinois, formed for the purpose of acquiring, owning, erecting, leasing or operating one building and the site therefor; that defendant Paul Perkovic, being the owner and possessed of the premises described, in the City of Evanston, county of Cook and State of Illinois, together with a one-story building situated thereon, and said defendant and his wife being desirous of letting the same, on or about November 17, 1928, proposed and agreed to lease the same to the complainant, and that a memorandum of agreement was made between said parties which witnessed that, in consideration of mutual agreements, it was agreed by the parties thereto:

"(1) That said party of the first part will and does hereby agree to lease to said second party the land and improvements heretofore described; and

"(2) Said party of the first part shall within fifteen days from the date hereof submit to the party of the second part, an indenture of lease demising said premises for a term of one hundred (100) years from May 1st, 1929, to April 30, 2029, at the following rental: $6,000.00 per year for the first five (5) years of said term, payable quarterly in advance and $7,000.00 per year for the balance of 95 years payable quarterly in advance.

"(3) Said lease shall grant the lessee the option and privilege of purchasing the fee title to said real estate for $130,000.00 at any time during the term thereof; and provide for the erection by lessee of a new building on said premises or any part thereof on or prior to May 1, 1939, at a cost of not less than $20,000.00.

"(4) Said lease shall contain such other provisions as the attorneys for said parties may think expedient and necessary, and if said attorneys cannot agree the form of lease now used by Northwestern University

shall be followed, except as specifically modified by this agreement.

"(5)  In consideration hereof, the lessee shall pay to the lessor, upon execution of said lease, the sum of Fifteen Hundred Dollars ($1,500) being rent for the first quarter of said term, i. e. from May 1, 1929, to July 31, 1929.

"(6)  The lessors agree to pay Smart & Golde, Inc., a sum of money equalling one-half average years rental as heretofore stipulated as commission for negotiating said lease.

"In Witness Whereof, the parties hereto have set their hands and. seals the day and year first above written.

> "Paul Perkovic (Seal)
> Nikica Perkovic (Seal)
> 1500 Sherman Avenue Building Co.
> By: R. L. Dowdall."

The bill further alleges that in confidence that a lease would be executed, complainant expended divers sums of money in procuring tenants, plans for alteration and improvement of the building and in arranging finances; that complainant has always been ready to perform its part of said agreement and to accept a lease in pursuance of the terms thereof; that defendants have never submitted a lease but that complainant, through the brokers for defendants, has "submitted to said defendants a lease for said premises in accordance with the terms of said agreement, and said lease has been tenderd to the said defendants for their approval and execution, but that they have refused to either approve or to execute the same, and that your orator has frequently applied to the defendants and requested them to execute to your orator a lease of said premises conformable to the terms of said agreement, but that the defendants refuse to comply with your orator's reasonable requests or to perform the

aforesaid agreement, and pretend that said agreement is of no force and effect, and pretend that said agreement is meaningless and without any standing at law or in equity."

We have stated quite fully the material averments of the bill, and taking the statement of facts, as we must, most strongly against the pleader, we are constrained to hold that this bill does not contain such averment of facts as would justify the relief prayed for. In the first place, it is defective in that it fails to set up facts from which the court could be informed that the contract, which it is prayed may be specifically performed, is fair and just and not unconscionable. That such averments are necessary and material is held in *Edwards v. Brown,* 308 Ill. 350; and *Grove v. Templin,* 320 Ill. 597.

In the second place the bill is deficient in that the contract set up does not purport to give an absolute right without further negotiations. That the parties did not intend that the writing into which they entered should convey absolute rights is apparent from the second provision thereof, which states in substance that an indenture of lease shall be submitted within 15 days from that date, and from the fourth provision, which states that the lease shall contain such other provisions as the attorneys for the parties shall think expedient and necessary. It is true that it is stated that if the attorneys cannot agree that the form of lease used by the Northwestern University shall be followed, but provisions of such form of lease are left entirely to conjecture.

In *London v. Doering,* 325 Ill. 589, a bill was brought to secure a decree for the specific performance of a contract for the sale of real estate which, after stating in detail the terms of the contract as to the property described, the price and terms of payment, provided that the broker was authorized to bring two parties together for signing a regular real estate contract within

three days. The bill was dismissed for want of equity, and the Supreme Court in its opinion affirming the decree said:

"The contract here sought to be specifically performed shows on its face that it was a preliminary contract in the negotiations for the exchange of properties and was to be followed within three days by a 'regular real estate' contract."

*Westphal v. Buenger,* 324 Ill. 77; *Gammon Co. v. Standard Trust & Savings Bank,* 327 Ill. 489; *Shaver v. Wickwire,* 335 Ill. 46, and *Sluka v. Bielicki,* 335 Ill. 202, are other cases which sustain this general rule.

Complainant relies upon *Miller v. Gordon,* 296 Ill. 346, and *Bournique v. Williams,* 225 Ill. App. 12. The contracts in both these cases are, however, easily distinguishable from that which appears here, and in each case a decree had been entered upon the merits after the respective parties had introduced evidence to sustain their contentions. In neither case was the construction of a building involved, as here.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.