### BELL v. BELL et al. (No. 2864.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1924. Rehearing Denied March 13, 1924.)

1. **Trespass to try title** &#x229d;47(1)—**Judgment for title and possession held warranted when not contested.**

In an action of trespass to try title against plaintiff's farming partner, under a contract which could be terminated at the end of any calendar year, and his lessees, where plaintiff's title to the land involved was not contested, she was entitled to a judgment for title and possession, regardless of the other merits of her claim.

2. **Partnership** &#x229d;20—**Agreement between owner of land and another held to create farming partnership not relation of landlord and tenant.**

An agreement between the owner of land and another whereby each was to furnish a stated sum of money, and occupy the land to-

gether, the party not the owner of the land to act as farming manager, and which provided for a division of the profits, *held* in effect a partnership agreement rather than a lease, creating the relation of landlord and tenant.

**3. Partnership ©⚖139—Managing partner's lessees held tenants and not liable as trespassers.**

Where an agreement between the owner of land and another created a farming partnership and vested the management of it in the party not the owner of the land, giving him the right to conduct it as he saw fit, *held* that persons to whom he leased the land were tenants of the partnership and not liable as trespassers for hay cut by them on theory that they were assignees or subtenants without the owner's consent.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Mrs. T. M. Bell against John J. Bell and others, wherein John J. Bell filed a cross-action. From judgment against plaintiff in her action and in favor of defendant Bell on his cross-action, plaintiff appeals. Judgment modified, and as so modified affirmed.

Judge O. B. Pirkey, of New Boston, for appellant.

R. M. Hubbard and Johnson & Waters, all of New Boston, for appellees.

HODGES, J. This suit was filed in the district court of Bowie county in July, 1922, by the appellant, Mrs. T. M. Bell, against J. C. Sturgeon, Dan Sturgeon, and John J. Bell, the appellees. The suit was in the form of an action of trespass to try title, and sought damages and rents from the Sturgeons. It also asked a judgment for title and possession of the land. The damages claimed were for the conversion of hay grown on the premises during the time it was occupied by the Sturgeons. As to J. J. Bell the petition simply alleged that he was setting up some kind of a claim to the land, and asked that he be cited to appear and answer as he saw fit.

J. J. Bell answered by general denial and a plea of not guilty, and filed a cross-action against the appellant, Mrs. Bell, asking for a judgment in the sum of $3,757.97 for the breach of an alleged farm agreement which he claimed had been entered into between him and appellant. He also alleged that J. C. and Dan Sturgeon were tenants on the farm during the year 1922. He claimed that the money sued for was due for improvements erected by him on the land during the years 1919, 1920, and 1921, and for expenses of operating the farm. J. C. and Dan Sturgeon answered by general denial, and adopted the answer of their codefendant, Bell.

A trial before a jury, in which special issues were submitted, resulted in a judgment that the plaintiff take nothing by her suit

against the defendants, and a judgment in favor of J. J. Bell against the appellant for the sum of $1,887.27 and all costs of suit.

It was admitted by all parties that the land sued for was the property of appellant, and her title was not in dispute. For that reason the issue of title and right of possession was not submitted to the jury.

In the briefs filed in this court appellant presents only one assignment of error—that the court erred in refusing to enter judgment in her favor against J. C. and Dan Sturgeon for the title and possession of the land and for the sum of $2,518, and in refusing to enter judgment in her favor in the cross-action filed by J. J. Bell.

The appellee J. J. Bell testified that he went into possession of the premises under the terms of the following written agreement:

"This agreement, entered into at New Boston, Texas, this the 6th day of October, 1919, between Mrs. T. M. Bell, hereinafter known as party of the first part, and John J. Bell, hereinafter known as party of the second part, witnesseth:

"That the party of the first part owns about 600 acres of land, more or less, lying about 2 miles east of the town of New Boston, Texas, a part of the original W. F. Thompson H. R. survey.

"That said first party agrees to furnish said lands, also $2,500.00 in cash for development purposes and general expenses, and the party of the second part agrees to furnish $2,500.00 in cash to be used in developing said lands and general expenses. All of the said lands and money (the $5,000.00) to be used for general farming purposes, for the benefit of both parties, all profits from said lands, farms, stock, etc., to be divided share and share alike between both parties.

"It is further agreed that the party of the second part is to have entire control and management of the land and farms so long as he does so in an intelligent and conscientious manner, or to the best of his knowledge or ability, or until both parties see fit to change this agreement through mutual consent.

"The said party of the second part is to keep a set of books showing all business transactions as well as all expenses, sales, profits, etc., said books to be kept convenient to and for the inspection of the party of the first part at all times.

"It is further specially agreed that the party of the first part binds herself and her heirs for the original $2,500.00 as well as all other things of value that should be advanced in the future by the second party (as will be shown by said books to be kept for that purpose) to be and is used in and for the general welfare of the said farm purposes until the second party has been paid and satisfied, as will be shown by the aforesaid books.

"It is agreed that all such advancements made by the second party are to be paid by and with the profits of the share of the first party made on said farm, unless the party of the first part should become dissatisfied with the management of the second party, then, in that event, the

first party shall pay in cash or give her note or in some manner satisfactory to the second party reimburse said second party for all money owing him by first party, as well as for all interest said second party might have in. the improvements on the lands of the first party.

"In case of a misunderstanding or disagreement, the party of the second part agrees to relinquish all his rights and interests in said farm upon being satisfied for same by first party as mentioned in the above paragraph, and give first party entire possession as soon as convenient to do so, but in no case shall the first party demand possession until the 1st of January following such dissolution of their common interest.

"This agreement or contract is made·in duplicate and signed by both parties, each. to retain a copy.     [Signed]    Mrs. T. M. Bell.
"Jno. J. Bell."

Bell further testified that it was understood between him and the appellant that they were to occupy the premises jointly, but that when the time came for them to take actual possession she declined to move on the premises, that after he had gone into possession and made considerable permanent improvements she notified him that she would not furnish the $2,500 referred to in her contract. Bell continued in actual occupancy of the premises until the beginning of 1921. He then rented the place to J. C. and Dan Sturgeon for a fixed sum, including in the 'contract the meadow upon which the hay sued for was grown. He also testified that during the time that he had charge of the place he furnished all of the money that was used in making permanent improvements and for purchase of supplies and equipment used in conducting the farm; that the appellant refused to furnish any sum or to pay any part of the expenses incurred. He stated that at no time did the farm yield enough to pay the expenses of operation, and there were no net returns to be divided between him and the appellant; that on the contrary he incurred many debts, which are yet unpaid and for which he is still personally responsible.

In response to special issues submitted by the court the jury found that the value of the improvements placed upon the premises by J. J. Bell up to the time the plaintiff told him she would not move on the place with him and would not furnish the $2,500 mentioned in the written contract amounted to $1,887.27, and that is the sum for which judgment was rendered against her. That issue was submitted at the instance of the appellant's attorney, and there is no contention that it is not amply supported by the testimony.

[1] It is insisted, however, that judgment should have been rendered' in appellant's favor for the title and possession of the premises because no one disputed her·ownership. Clearly, she was entitled to a judgment for the title and possession, for the reasons stated.

It is also contended that judgment should have been rendered in appellant's favor against J. C. and Dan Sturgeon for the rental value of the cultivated land and for damages for conversion of the hay, because they were wrongfully in possession of the premises and might be treated in law as trespassers. That contention is founded upon the proposition that J. J. Bell was himself a tenant, and had no right to sublet the premises to J. C. and Dan Sturgeon without the consent of the owner. That assumes, of course, that the written contract previously quoted, and under which the appellee J. J. Bell claimed the right of possession, was a lease creating a tenancy.

[2] We think when properly construed this contract did not create the relation of landlord and tenant between the appellant and J. J. Bell, but was in legal effect a partnership agreement to jointly occupy and operate the farm. J. J. Bell did not have the exclusive right of possession, nor did he agree to pay any sum or portion of the crops as rent. Whatever was grown on the premises belonged to him and the appellant jointly. J. J. Bell was the managing member of the partnership, and he was authorized by his contract to use his own judgment as to the manner in which the farming operations should be conducted. He might determine whether they should employ hired labor, or share croppers, or adopt some other form of short term tenancy. If the appellant for any reason became dissatisfied with his management, the contract gave her the right to terminate the partnership at the end of any current year by giving Bell proper notice; but she did not have the legal right to discontinue the contract and put him off the premises, and thus destroy his right to operate the farm for profit, without reimbursing him in money, or by note, or in some other satisfactory form, for what was still due him for permanent improvements and expenses of operation. She could not hold J. J. Bell to his agreement to surrender possession of the premises at her demand, without complying with her agreement.

[3] If that be true, J. C. and Dan Sturgeon were in the lawful possession of the premises, and were no more liable to the appellant than J. J. Bell would have been had he himself been in the actual occupancy operating the farm through hired labor. J. J. Bell being the managing partner, with authority to use his own judgment as to the manner of conducting the farm, could contract with J. C. and Dan Sturgeon in the name of the partnership and for its benefit. Hence the leasing of the land to J. C. and Dan Sturgeon was a contract to which appellant was in legal effect a contracting party. For the reasons stated, the article of the statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 5489) which prohibits a tenant from assigning or subletting the rented premises without consent of the owner has no application.

We conclude that the part of the judgment which allowed a recovery in favor of J. J. Bell for the sum stated, and which denied the plaintiff a money judgment against J. C. and Dan Sturgeon, should be affirmed. We are of opinion, however, that judgment should have been rendered in favor of Mrs. T. M. Bell for the title and possession of the premises. The judgment will be so modified as to allow that recovery.