**WILSON et al. v. .WAGNER et al.**

No. 11810.

Court of Civil Appeals of Texas.
San Antonio.

April 7, 1948.

Rehearing Denied May 5, 1948.

John J. Pichinson and Tarlton, Ogden & Hale, all of Corpus Christi, and Ralph B. Shank, of Dallas, for appellant.

McCampbell & McCampbell, of Corpus Christi, and Mann & Mandel, of Laredo, for appellee.

MURRAY, Justice.

This suit was instituted by appellees, Katherine Redmond Wagner and husband, L. L. Wagner, against Sam E. Wilson, Jr., and The Wilson Building, Inc., seeking, among other things, to have a certain option for a 99 year lease upon Lots 11 and 12 in Block 4 of the Bluff Portion of the

City of Corpus Christi, declared to be invalid and unenforceable, because its provisions are allegedly uncertain and indefinite, in that they fail to specify with particularity the terms and conditions of such 99 year lease.

The instrument involved reads as follows:

"Option Agreement.

"State of Texas,
"County of Nueces.

"This Agreement made and entered into this 22nd day of June, 1945, by and between Katherine Redmond, a feme sole, joined herein by her mother, Ida Durand Redmond, a feme sole, hereinafter called 'Redmond,' and Sam E. Wilson, Jr., hereinafter called 'Wilson,' all of Corpus Christi, Texas,

"Witnesseth

"1. Redmond, being the owner in fee simple of the hereinafter described property, for and in consideration of Five Hundred Dollars ($500.00) cash to her in hand paid by Wilson, the receipt of which is hereby acknowledged, does hereby grant to Wilson for a term of one (1) year from the date hereof an option to lease for ninety-nine (99) years, upon the terms and conditions as hereinafter set out, the following described property in Nueces County, Texas, to-wit:

"All of Lots Nos. Eleven (11) and Twelve (12) in Block No. Four (4) of the Bluff Portion of the City of Corpus Christi, as shown by map or plat of said City of record in the office of the County Clerk of Nueces County, Texas, reference to which is here made, said property fronting approximately one hundred fifty (150) feet on Leopard Street and ninety (90) feet on Carancahua Street in said City of Corpus Christi.

"2. The 99-year lease to be executed by Redmond to Wilson under this option shall be in such form as is customarily used in such cases in Texas and shall provide:

"(a) The rental payable annually in advance shall be: $6,000 per year for the first twenty (20) years; $7,500 per year for the second twenty (20) years; $8,500 per year for the third twenty (20) years; $10,000 per year for the fourth twenty (20) years; $12,500 per year for the last nineteen (19) years;

"(b) Wilson shall pay all property taxes and assessments upon the lease property and all improvements which may be erected thereon during the term of such lease.

"(c) The interests of both parties in the lease shall be fully assignable and all rights thereunder shall be enforcible against the heirs and assigns of the respective parties.

"(d) All improvements located on the property at the end of the 99 year lease shall vest in Redmond, her heirs or assigns.

"3. Wilson may elect to exercise his option hereunder at any time during the one-year term hereof by giving written notice to Redmond who shall thereupon, within ten (10) days, execute and deliver to Wilson the 99-year lease, as described above. Upon the delivery of such lease, Wilson shall pay to Redmond the Six thousand dollars ($6,000) payable in advance as rental for the first year under such lease.

"Upon receipt of such notice from Wilson, Redmond shall remove all existing structures from the property and deliver peaceable possession of the property to Wilson within not more than sixty (60) days from the receipt of such notice. The term of first year of the lease shall commence upon the day possession of the property is delivered to Wilson.

"4. Redmond agrees to deliver to Wilson, upon his request, during the term hereof, all abstracts of title, which she has relating to this property; all supplements thereto to be paid for by Wilson. Wilson will return all such abstracts to Redmond if he does not exercise his option.

"5. This agreement shall be binding upon the heirs and assigns of the parties hereto.

"Executed in duplicate originals, this 22nd day of June, 1945.

"/S/ Katherine Redmond
"/S/ Ida Durand Redmond
"/S/ Sam E. Wilson, Jr."

Sam E. Wilson, Jr., answered denying the invalidity of the option agreement, and

in a cross-action sought specific performance of the same.

The trial court sustained numerous exceptions to the cross-action and held, in effect, that the provisions of the option agreement were, as a matter of law, uncertain and indefinite and therefore unenforceable and void. The trial court found, among other things:

"First: * * * said alleged contract relied upon by the defendant and cross plaintiff, Sam E. Wilson, is so vague, indefinite and uncertain as to be unenforcible in an action for specific performance; and Second, * * * the contract, as alleged, of June 22, 1945, is, in the opinion of the Court, violative of the statutes of frauds and of conveyances, and is therefore void and unenforcible. * * *

"The Instrument of June 22, 1945, set out in plaintiffs' and cross-defendants' original petition, is unambiguous and invalid and unenforcible, at law or in equity, and same imposes no duty or obligation on plaintiffs and cross-defendants, Katherine Redmond Wagner and L. L. Wagner, to comply with its terms, or to execute any 99 year lease thereunder, because of the Statute of Frauds, as well as the Statute of Conveyances, since necessary terms and conditions of the lease contemplated therein are not set out therein, and cannot be identified within the terms of such instrument or by any then existing writing referred to therein; because the same fails to set out or specify the terms and conditions of the lease therein contemplated with that certainty and definiteness required by the laws of this State; and also because the provisions thereof are too indefinite and uncertain to reflect a meeting of the minds of the parties thereto or to constitute an enforcible contract."

The court decreed, in effect, that the alleged option agreement was void and unenforceable and enjoined appellant Wilson from attempting in any way to enforce the same, from which judgment Sam E. Wilson, Jr., has prosecuted this appeal.

Upon disclaimers, the Wilson Building, Inc., and the estate of Ida Durand Redmond, having been made parties to the suit, were dismissed.

The validity, vel non, of the option agreement is the question here to be decided.

■ We have concluded that the option agreement is valid and enforceable. It contains all of the essential provisions of an option for a 99 year lease of real estate. The parties are named, the property is fully and definitely described, the consideration for the option is $500; the lease when executed is to run for a term of 99 years; the rental is to be for certain specific sums per year; Wilson is to pay all taxes and assessments; the lease is to be assignable and is binding upon the heirs and assigns of the respective parties; all improvements located on the property at the end of the 99 year lease is to vest in Redmond, her heirs or assigns; Wilson has one year within which to exercise his option; when the lease is delivered to Wilson he is to pay the first year rental of $6,000; Redmond is to remove all existing structures from the property and deliver peaceable possession of the property to Wilson within sixty days after receipt of notice of Wilson's desire to exercise his option; the term of the first year of the lease is to commence upon the day possession of the property is delivered to Wilson.

Certainly, these provisions are all of the essential provisions of a valid option for a 99 year lease. All of the essential terms and stipulations of the 99 year lease are set forth in clear and precise language. It is true that a 99 year lease might contain many other and different provisions, but the absence of these provisions does not render the one set forth in the option agreement void or unenforceable.

■ In 51 C.J.S., Landlord and Tenant, § 211, page 816, the rule is stated thus:

"No particular form of words is necessary to create a lease, and whatever is sufficient to explain the intent of the parties that one shall divest himself of the possession, and the other come into it, for a determinate time, amounts to a lease. * * * In general, any agreement under which one person obtains the right of enjoyment of the property of another, with the latter's consent, and in subordination to his right, may create the relation of landlord and tenant.

"The instrument usually contains the name of the parties, a description of the demised property, a designation of the term, * · * * a provision for possession by the lessee, and the amount of rent with the terms of payment. * * *"

In Read Drug & Chemical Co. v. Nattans, 129 Md. 67, 98 A. 158, 160, the Court said:

"The agreement is said to be incomplete, and hence incapable of enforcement,· because it does not provide for various covenants which leases of city property usually contain. The bill alleges an agreement to lease a designated property, for a prescribed term, and at a specified rental. These elements are sufficient to constitute a complete and operative lease. Other provisions may be desirable and useful, but they are.not essential to the binding effect of the demise."

See also: Bushman v. Faltis, 184 Mich. 172, 150 N.W. 848; Bennett v. Moon, 110 Neb. 692, 194 N.W. 802, 31 A.L.R. 495; Miller v. Gordon, 296 Ill. 346, 129 N.E. 809; Shayeb v. Holland, 321 Mass. 429, 73 N.E.2d 731.

In Levin v. Saroff, 54 Cal.App. 285, 201 P. 961, 963, the Court of Appeals of California said:

" * * * To create a valid lease, but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and boundary of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental, and the time and manner of payment. These appear to be the only essentials."

As a matter of fact, we do not understand that· appellees are disputing the above well-recognized rules relating to leases. Appellees' real contention is that the phrase, "shall be in such form as is customarily used in such cases in Texas," found in the agreement, renders the entire instrument uncertain and void. They contend that it indicates there were many other terms and conditions to be contained in the 99 year lease which are not clearly stated or agreed upon. In support of this contention appellees cite such cases as Fagg v. Texas, Tex.Com.App., 57 S.W.2d 87, 88, where an agreement was entered into to.deliver in escrow " * * * an 88 form lease, properly describing the surplus tract of land * * *," there was' no other· provision as to the terms and conditions of the lease, and Taber v. Pettus, 139 Tex. 395, 162 S.W.2d 959, 961, where the assignment of an oil and gas lease was to be on a "Texas Standard Form No. 86." These provisions were very properly held to be indefinite and uncertain and unenforceable by specific performance. But had the agreements in those cases gone further and provided what the terms and conditions in the lease or the assignment should be, as does the agreement under consideration here, quite a different conclusion no doubt would have been reached by the court.

We feel that the proper construction to be given to the phrase here under consideration, "in such form as is customarily used in such cases in Texas," is that it means just what it says, that is, that it is descriptive of the form of the 99 year lease and in no way relates to the substance of the lease. The agreement expressly states. what the substance of the lease shall be. "Form" is ordinarily the antithesis of "substance." When this meaning is given to the phrase the entire agreement becomes positive and definite. Appellees contend· that there is no such thing as a "form customarily used in such cases in Texas." If this is true then the phrase becomes meaningless, and as the form of a lease is immaterial such phrase is mere surplusage.

"It is better, to construe a single clause in an elaborate and extensive contract as an inoperative but harmless provision than to give the clause a construction which renders the whole contract voidable at the option of either party, thus depriving the entire instrument of all finality and legal force." West Heights Realty Corporation v. Adelman, 107 N.J. Eq. 351, 152 A. 196, 199.

Appellees would have us construe the word "form" as meaning "substance" and having done this unusual thing then use such construction to destroy the entire op-

tion agreement for which appellant had paid the consideration of $500.00. This we refuse to do.

Thus having decided that the option agreement is not uncertain and indefinite, the same being in writing and properly acknowledged, it meets all of the requirements of the Statute of Frauds, Art. 3995, Vernon's Ann.Civ.Stats., and that of the Statute of Conveyances, Art. 1288, Vernon's Ann.Civ.Stats.

Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial.