**PIONEER OIL COMPANY, Appellant,**

v.

**Edward VALLEJO, III, d/b/a Super V Minit Mart, Appellee.**

**No. 13–87–016–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

Allen L. Hendelman, Morris & Hendelman, Fort Worth, for appellant.

Randy M. Clapp, Duckett, Bouligny & Collins, El Campo, for appellee.

Before UTTER, KENNEDY and DORSEY, JJ.

## OPINION

UTTER, Justice.

Vallejo filed a declaratory judgment action seeking a declaration of the rights and obligations of the parties to a "Lease and Operating Agreement." The trial court granted the Petition for Declaratory Judgment and held that the agreement between the parties was a contract for the marketing of gasoline and did not constitute a leasehold estate in the premises. We reverse and render the judgment of the trial court.

In January of 1971, Harold and Jakie Conner entered into a "Lease and Operating Agreement" with Pioneer. The agreement originally involved approximately 1.74 acres owned by the Conners.

The agreement provided that Pioneer would "install and operate a self service gasoline installation on the property of LESSORS [the Conners]." There was a convenience store already located on the premises. Pioneer agreed to pay the Conners "$200.00 per month, plus 2% of [each] month's dollar sales." The $200.00 payments were designated as "rent." The Conners agreed to sell the gasoline, collect the money and deposit it in Pioneer's account, and submit daily reports to Pioneer.

The agreement was for five years, with options to renew every five years for a total term of thirty years. Each renewal period was accompanied by an increase in monthly "rental."

The agreement also provided:

It is understood that the premises leased are presently a *Convenience store*. LESSEE [Pioneer] shall have the right to make any improvements or alterations on LESSEE'S equipment on the premises during the term of this lease or any renewal thereof.

Harold and Jakie Conner assigned their rights in the agreement to subsequent purchasers of the convenience store, who later assigned their rights to Vallejo. Vallejo desired to install additional unleaded gasoline and diesel pumps separate and distinct from those currently in place on the premises and owned by Pioneer. Pioneer contends that it has the exclusive right to sell gasoline on the premises and can prevent Vallejo from installing his own pumps.

■ By its first point of error, Pioneer contends that the trial court erred in failing to join Harold and Jakie Conner as necessary parties to the case. Failure to join the Conners was not raised in the trial court.

In *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex.1982), our Supreme Court held:

Fundamental error survives today only in those rare instances in which the record shows on its face that the court

lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state.

\* \* \* \* \* \*

Under our present rule, "[i]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." [citation omitted]

In this case, Harold and Jakie Conner assigned away all of their rights in the agreement. They merely remained the owners of the land, and even this is not clearly established in the record. They were not "indispensible" parties. Tex.R. Civ.P. 39. The failure to join Harold and Jakie Conner was not a matter of fundamental error. Pioneer's first point is overruled.

■ By its third, fourth, fifth, and sixth points, Pioneer contends that the trial court erred in making the following conclusions of law:

1. That the Lease and Operating Agreement is a contract between the parties concerning the marketing of gasoline.
2. That the Agreement does not grant a leasehold estate in the premises and a landlord-tenant relationship does not exist between the parties.
3. That the Agreement does not grant Defendant [Pioneer] an exclusive right to vend gasoline on the premises.

A "lease" is a grant of an estate in land for a limited term, with conditions attached. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307 (1935); *Jack v. State*, 694 S.W.2d 391 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Scroggins v. Roper*, 548 S.W.2d 779 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). In *Wilson v. Wagner*, 211 S.W.2d 241 (Tex.Civ.App.—San Antonio 1948, writ ref'd n.r.e.), the Court held:

No particular form of words is necessary to create a lease, and whatever is sufficient to explain the intent of the parties that one shall divest himself of the possession, and the other come into it, for a determinate time, amounts to a lease.... In general, any agreement under which one person obtains the right of enjoyment of the property of another, with the latter's consent, and in subordination to his right, may create the relation of landlord and tenant.

The instrument usually contains the name of the parties, a description of the demised property, a designation of the term, ... a provision for possession by the lessee, and the amount of rent with the terms of payment.

\* \* \* \* \* \*

To create a valid lease, ... few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and boundary of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental, and the time and manner of payment. These appear to be the only essentials.

*Id.* at 243–44.

In the case before us, the lessor, Vallejo, standing in the shoes of the Conners by virtue of assignment, agreed to rent certain land to Pioneer as lessee. The agreement specifies that the land leased is 1.74 acres of land and is sufficiently described; that the term of the lease shall be for five years, renewable every five years for a total of thirty years; that the rental price shall be $200.00 per month for the first five year term, and $225.00, $250.00, $275.00, $300.00, and $300.00 per month respectively for each successive five year term. Pioneer is also obligated to pay to the lessor "2% of [each] month's dollar sales." The monthly rental payment is "due and payable on the 1st day of each month." The agreement also provides that "[r]ent based upon percentage of sales shall be payable 31 days after the end of the month for which the sales took place."

The agreement indicates that the monthly rental payments (including the 2% of each "month's dollar sales") were also intended to compensate the lessor "for collecting the money for gasoline sales, depos-

iting said money in the bank, [making a] daily mailing of check or money order, and submitting a simple daily report to Lessee...."

The intent of the parties to the agreement was to lease the land to Pioneer for a definite period of time, for an agreed upon price, for the purpose of constructing and operating a "self service gasoline installation." The fact that the Conners also contracted, in the same agreement, with Pioneer to operate the gasoline station does not affect the primary purpose of the agreement—to lease the land to Pioneer. Furthermore, although the agreement necessarily concerns the "marketing of gasoline," the character of the agreement is not thereby altered.

The agreement is a lease; a leasehold estate is granted by the lease, and a landlord-tenant relationship exists between the parties. *Cf. Bell v. Bell*, 259 S.W. 1105 (Tex.Civ.App.—Texarkana 1924, writ dism'd) (agreement held to be a partnership, not a lease).

"[T]enancy implies a right of possession in the tenant exclusive even of the landlord." *Cleveland v. Milner*, 141 Tex. 120, 170 S.W.2d 472 (Com.App.1943). Since a tenancy was established by the agreement, the trial court erred in determining that the agreement was not a lease and did not grant to Pioneer "an exclusive right to vend gasoline on the premises." Pioneer's third, fourth, fifth, and sixth points are sustained. Having addressed the controlling issues, we decline to consider Pioneer's second point. Tex.R.App.P. 90.

The judgment of the trial court is REVERSED and RENDERED in accordance with this opinion.