Baylis **HARRISS** and **B & H Aircraft Sales, Inc.**, a Texas Corporation, d/b/a **Brauntex Aviation**, Appellants,

v.

David B. **NORSWORTHY** and **DBN Investments, Inc.**, Appellees.

No. 04–93–00412–CV.

Court of Appeals of Texas, San Antonio.

Jan. 5, 1994.

---

Patricia A. Finch, Stephen D. Finch, Finch & Finch, Seguin, for appellant.

Lem B. Allen, Jr., James S. Frost, Saegert, Kirkdendall, Frost & Raetzsch, Seguin, for appellee.

Before BUTTS, BIERY and RICKHOFF, JJ.

## OPINION

BIERY, Justice.

Baylis Harriss and B & H Aircraft Sales, Inc., d/b/a Brauntex Aviation (Brauntex) appeal a summary judgment granted in favor of appellees David B. Norsworthy and DBN Investments, Inc. (DBN). We reverse and remand in part and affirm in part.

Harriss is the owner and president of Brauntex, a corporation providing aircraft repair, maintenance and storage services. Norsworthy and DBN own two airplanes and had a business relationship with Brauntex prior to the summer of 1990. In 1990, Norsworthy and DBN, apparently unpleased with the services rendered by Brauntex, asked for and paid a final bill of $3,183.00. Subsequently, Brauntex sent additional bills and obtained judgment thereon in the justice of the peace court for $901.87 for parts ordered but not used by Norsworthy and DBN and $419.75 for airplane storage. The bills contained additional charges of 1.5% per month for interest. Eventually, Norsworthy and DBN sued in district court for usurious interest charges and for a declaratory judgment that the liens Brauntex claimed on the aircraft were invalid. The district court granted Norsworthy and DBN judgment against Brauntex and Harriss for $249.99 in usury penalties, $5,000.00 in attorney's fees, ordered the principal and interest accrued on the accounts to be forfeited and declared the alleged liens to be void and of no further force and effect.

In point two, Harriss and Brauntex contend the trial court erred in declaring the lien claims placed upon Norsworthy's and DBN's aircraft as invalid and unenforceable. Section 70.301 of the Texas Property Code provides for a lien in favor of a person who "repairs or performs maintenance work" on

an aircraft. TEX.PROP.CODE ANN. § 70.301 (Vernon Supp.1994).[1] In this case of first impression, we must determine whether charges for hangar space and parts ordered but not installed are services for which such a statutory lien may be claimed.

■ In construing a statute, we must always ascertain legislative intent as expressed in the language of the statute. *State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979); *Linick v. Employers Mutual Casualty Co.*, 822 S.W.2d 297, 300 (Tex.App.—San Antonio 1991, no writ). Such intent, and a determination of the meaning of a statute, is based upon the language of the statute itself, reading the statute as a whole. *Woods v. Littleton*, 554 S.W.2d 662, 665 (Tex.1977). "Every word included in a statute must be presumed to have been used for a purpose and every word excluded for a purpose." *Linick*, 822 S.W.2d at 300–01.

■ With respect to the hangar storage lien issue, other statutory liens similar to the one in question specifically refer to "care" or "storage" if these are services contemplated by the legislative enactment to be enforceable by lien. TEX.PROP.CODE ANN. § 70.-003(a) (Vernon Supp.1994) (stable keeper with whom animal is left for care has lien on animal); *id.* § (c) (garageman with whom motor vehicle, motorboat, vessel, or outboard motor is left for care has lien for amount of charges for care, including for towing charges to garageman's place of business); *id.* § 59.021 (lessor of self-service storage facility has lien on property left in storage). No lien is expressly created for storage in many statutes, and our research has not revealed case law authority to create a lien for storage when it is not included in the statute. TEX.PROP.CODE ANN. § 70.001(a) (Vernon 1984) (worker who repairs vehicle, motorboat, vessel or outboard motor has possessory lien until compensated); *id.* § 70.002 (person with whom garment is left for repair, alteration, dyeing, cleaning, laundering, or pressing has possessory lien on garment). This court cannot read into the statute language which is left unexpressed by the statute itself. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984). Neither can this court put into effect an interpretation which the legislature might have wished, but failed, to express. *RepublicBank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). Because the legislature did not include storage within the express purview of section 70.301, and because similar statutes expressly provide for storage liens when intended by the legislature, we cannot conclude Harriss and Brauntex had a valid lien for hangar storage.

■ This is also true of the parts ordered but not installed on the plane. Under the express terms of the statute, the repair or maintenance work must be "performed on the aircraft." TEX.PROP.CODE ANN. § 70.301 (Vernon Supp.1994). Because the statute is specific as to performing work on the aircraft, procuring parts may be preparatory but is not "work performed on the aircraft." Point two is overruled and that part of the trial court judgment declaring the alleged liens void is affirmed. Because of its precedential value, only this portion of our opinion is designated for publication. *See Berry v. Berry*, 647 S.W.2d 945, 947 (Tex.1983) (noting that unpublished portion of opinion was of no precedential value and should not be cited), *see generally*, David M. Gunn, *"Unpublished Opinions Shall Not Be Cited As Authority": The Emerging Contours of Texas Rule of Appellate Procedure 90(i)*, 24 ST. MARY'S L.J. 115, 139 (1992) (Texas state courts regularly publish only partial portions of entire opinions).

---

1. Section 70.301 states:
   A person who repairs or performs maintenance work on an aircraft has a lien on the aircraft for:
   (1) the amount due under a contract for the repairs or maintenance work; or

   (2) if no amount is specified by contract, the reasonable and usual compensation for the repairs or maintenance work.
   TEX.PROP.CODE ANN. § 70.301 (Vernon Supp.1994).