CASTROVILLE AIRPORT, INC.
and Louis P. McCasland,
Jr., Appellant,

v.

CITY OF CASTROVILLE, Appellee.

No. 04–97–00040–CV.

Court of Appeals of Texas,
San Antonio.

April 30, 1998.

Tom Joseph, Anne M. Joseph, Tom Joseph, P.C., San Antonio, for Appellants.

Vivian Torres, William J. Gamble, Torres, Russell, Tschirhart & Gamble, P.C., Castroville, for Appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

Appellants, Castroville Airport, Inc. ("CAI") and Louis McCasland, Jr. ("McCasland"), appeal a summary judgment granted in favor of appellee, the City of Castroville ("City"), declaring a Settlement Memorandum executed by both parties and their attorneys to be a binding and enforceable agreement. In four points of error, CAI and McCasland contend the trial court erred in granting the summary judgment in favor of the City and in denying their motion for summary judgment because: (1) the City failed to address or negate all of the affirmative defenses asserted by CAI and McCasland; (2) the Settlement Memorandum was never approved by the Castroville City Council ("Council") upon whose approval the agreement was contingent; and (3) the City failed to establish all the essential elements of a contract. Finding that a genuine issue of material fact was raised as to whether the City satisfied the conditions precedent to the formation of the agreement, we reverse the trial court's judgment and remand the cause for further consideration.

### FACTUAL AND PROCEDURAL HISTORY

In 1979, the City, as lessor, entered into a lease agreement with Helicopter Specialists, Inc. for the lease of the Castroville Municipal Airport. The lease provided for an initial five year term, renewable each five years.

In 1982, Helicopter Specialists, Inc. assigned the lease to CAI. The City consented to the assignment. Under the terms of the assignment, McCasland guaranteed payment of the rent.

Discord developed between the parties regarding the lease term. On February 28, 1995, the Council authorized James Fisher, the City Administrator ("Fisher"), to "meet with Mr. McCasland and have a mediator determine the ending date of the FBO Lease." If this could not be accomplished, the Council stated that "a judge should be petitioned to ask for a declaratory judgment for the ending date of the lease."

The parties engaged in mediation on November 15, 1995 and entered into a Settlement Memorandum pursuant to which the parties agreed to amend the lease agreement subject to the approval of the Council. The parties presented conflicting affidavits as to whether the exhibits incorporated by reference in the Settlement Memorandum were attached to the Settlement Memorandum at the time it was signed.

The City drafted an amended lease based on the terms of the Settlement Memorandum. McCasland's affidavit states that he verbally informed Fisher on February 21, 1996, that he had reviewed the proposed revised lease and that it was unacceptable. On February 27, 1996, the Council met and authorized Fisher and the City Attorney "to proceed with all legal remedies in connection with the FBO Lease." The parties disagree as to whether this action authorized the enforcement of the Settlement Memorandum, constituting approval of the terms of the lease amendments by Council. On March 22, 1996, the attorney for CAI and McCasland notified the City in writing that CAI and McCasland took the position that the mediation had failed to resolve the lease dispute and that they were willing to meet and discuss a new lease that would include a minimum term of 40 years.

On April 4, 1996, the City filed suit against CAI and McCasland, requesting that the Settlement Memorandum (referred to as the ADR Agreement) be declared an enforceable contract. In the alternative, the City requested that the court construe a reasonable interpretation of the prior lease. CAI and McCasland answered with a general denial and asserted the following as affirmative defenses: (1) no contract formation because all essential terms were not agreed upon; (2) absence of authority by Fisher to enter into the agreement; (3) absence of approval by Council; and (4) failure of consideration. CAI and McCasland also asserted a counterclaim for a declaration that the Settlement Memorandum was not an enforceable agreement.

Both parties moved for summary judgment. McCasland and CAI then amended their answer to deny that the Settlement Memorandum was intended to be binding absent a final written agreement, and to add the following additional affirmative defenses: (1) duress; (2) estoppel; (3) fraud; (4) illegality; (5) license; (6) statute of frauds; and (7) waiver. The City did not amend its motion for summary judgment to address the additional affirmative defenses or the contention that McCasland and CAI never intended to be bound by the Settlement Memorandum.

### STANDARD OF REVIEW

Since both parties moved for summary judgment in the instant case, each party was required to carry his or her own burden of establishing a right to judgment. *Brooks County Cent. Appraisal Dist. v. Tipperary Energy Corp.*, 847 S.W.2d 592, 594 (Tex. App.—San Antonio 1992, no writ). This initial burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A party opposing a summary judgment based on an affirmative defense must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Harriss v. Norsworthy*, 869 S.W.2d 600, 602 (Tex.App.—San Antonio 1994, no writ). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the non-movant is taken as true, and all reasonable inferences are indulged in favor

of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–49; *see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 548–49; *see also Doe*, 907 S.W.2d at 477.

## CONDITIONS PRECEDENT

In each of their points of error, CAI and McCasland raise issues regarding the existence and satisfaction of conditions precedent to the enforcement of the Settlement Memorandum. Specifically, CAI and McCasland contend that summary judgment was improperly granted in favor of the City because the City failed to either address or conclusively establish that: (1) Council approval of the Settlement Memorandum was obtained prior to the date CAI and McCasland informed the City that it was rejecting the settlement proposed in the Settlement Memorandum; and (2) the parties' agreement was conditioned upon a final written agreement. CAI and McCasland also contend that summary judgment should have been granted in their favor because they established that the Council failed to approve the Settlement Memorandum prior to their rejection of the agreement. The City responds that it conclusively established Council approval and that no evidence was presented regarding the defense of intent to be bound.

A condition precedent may be either a condition to the initial formation of a contract or to an obligation to perform under an existing agreement. *See Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976); *America's Favorite Chicken Co. v. Samaras*, 929 S.W.2d 617, 627 (Tex. App.—San Antonio 1996, writ denied). Extrinsic evidence is admissible to establish an oral condition precedent if it is consistent with the terms of the written agreement. *Litton v. Hanley*, 823 S.W.2d 428, 430–31 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Rincones v. Windberg*, 705 S.W.2d 846, 847–848 (Tex.App.—Austin 1986, no writ).

The first condition, which both parties address, is the approval of the Settlement Memorandum by Council. Since the Council had only authorized Fisher to mediate an ending date for the FBO lease, the Council could only have approved the Settlement Memorandum, and the contemplated amended lease agreement, at a subsequently called meeting through the adoption of a resolution by majority vote. *Alamo Carriage Service, Inc. v. City of San Antonio*, 768 S.W.2d 937, 941 (Tex.App.—San Antonio 1989, no writ); *Stirman v. City of Tyler*, 443 S.W.2d 354, 358 (Tex.Civ.App.—Tyler 1969, writ ref'd n.r.e.). The Settlement Memorandum could not bind the City until Council approval; therefore, approval by Council was a condition to the initial formation of the contract.

The City contends the resolution adopted at the February, 1996 meeting approved the Settlement Memorandum as evidenced by the June, 1996 clarifying resolution. CAI and McCasland counter that the June resolution cannot be considered as evidence of approval relating back to February 27, 1996. Although we disagree with CAI and McCasland that the June resolution cannot be considered, we find that the timing of its adoption raises a fact issue as to the meaning of the original resolution. The February resolution is unclear as to whether the Council intended to approve and seek to legally enforce the Settlement Memorandum or enforce its legal remedies under the original lease. Approval cannot be implied by the relief sought in the City's petition because there is no evidence that the Council reviewed or approved the petition, and the petition was drafted in the alternative.

We conclude that a genuine issue of material fact was raised regarding the satisfaction of this condition precedent, and the trial court improperly granted summary judgment in favor of the City. However, because a fact issue exists as to whether the Council did approve the Settlement Memorandum, judgment cannot be rendered in favor of CAI and McCasland.[1]

---

**1.** Whether the Council approved the Settlement Memorandum on February 27, 1996, may become the controlling issue in this case, because the evidence introduced at the hearing estab-

■ CAI and McCasland also contend the Settlement Memorandum was conditioned upon the execution of a final written agreement. The City asserts that the parol evidence rule precludes our consideration of evidence in support of this contention. However, extrinsic evidence is admissible to establish an oral condition precedent if it is consistent with the terms of the written agreement. *Litton v. Hanley,* 823 S.W.2d at 430–31; *Rincones v. Windberg,* 705 S.W.2d at 847–848. In this case, the Settlement Memorandum states that the amended lease would be in the form attached as an exhibit "with *minor* revisions to be agreed to by the parties." This provision is some indication that the parties contemplated further negotiations at least with respect to some minor revisions. In addition, McCasland states in his affidavit that he never intended to be bound by the Settlement Memorandum absent a final written agreement. We conclude that the statement in the Settlement Memorandum, coupled with McCasland's affidavit, was sufficient evidence to raise a question of fact as to whether the parties intended their agreement to be conditioned upon the execution of a formal written lease. *See Foreca, S.A. v. GRD Development Co.,* 758 S.W.2d 744, 746 (Tex.1988)(intention of parties is question of fact); *Martin v. Black,* 909 S.W.2d 192, 197 (Tex.App.—Houston [14th Dist.] 1995, writ denied)(similar affidavit held to raise issue of fact). Therefore, summary judgment should not have been granted in favor of the City.

## DEFINITENESS

■ In their third point of error, CAI and McCasland contend that summary judgment in favor of the City was improper because the Settlement Memorandum is not sufficiently definite to be enforceable.

■ In order for an agreement to be enforceable, the parties must agree on all material terms. *America's Favorite Chicken Co. v. Samaras,* 929 S.W.2d at 622. If an essential term is left open for future negotiation, the contract is not binding. *Id.* Whether an agreement fails for indefiniteness is a question of law to be determined by the court. *Id.*

The parties presented conflicting affidavits as to whether the exhibits were attached to the Settlement Memorandum. In resolving this conflict, we must apply established rules of contract interpretation and construction.

■ An unsigned paper may be incorporated by reference in a signed agreement. *Owen v. Hendricks,* 433 S.W.2d 164, 166 (Tex.1968). In order for an unsigned document to be so incorporated, the express language used in the signed document is not important provided the signed document plainly refers to the other writing. *Id.; see also MTrust Corp. N.A. v. LJH Corp.,* 837 S.W.2d 250, 253–54 (Tex.App.—Fort Worth 1992, writ denied); *Milam Development Corp. v. 7*7*0*1 Wurzbach Tower Council of Co-owners, Inc.,* 789 S.W.2d 942, 945 (Tex. App.—San Antonio 1990, writ denied). Contracting parties are obligated to protect themselves by reading what they sign and are presumed, as a matter of law, to know the contract's terms. *G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392, 393 (Tex.1982), *overruled on other grounds, Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 355 (Tex. 1987); *American Employers' Ins. Co. v. Aiken,* 942 S.W.2d 156, 161 (Tex.App.—Fort Worth 1997, no writ).

lished that on March 22, 1996, CAI and McCasland rejected the settlement. If a party rejects a settlement or other agreement before the performance of a condition precedent to the initial formation of the agreement, the settlement or other agreement could arguably never become enforceable because at the time the condition was satisfied, there would not be an offer and acceptance. *In re McIntosh,* 918 S.W.2d 87, 88 (Tex.App.—Amarillo 1996, no writ)(rejection prior to satisfaction of condition of final written agreement left nothing for anyone to accept or court to enforce.). Assuming Council did not approve the Settlement Memorandum until June, a question of fact would arise as to whether the approval by Council was within a reasonable time. *See Shaw v. Kennedy, Ltd.,* 879 S.W.2d 240, 246–47 (Tex.App.—Amarillo 1994, no writ)(untimeliness in performance of condition does not excuse performance in settlement agreement in which time is not made of the essence); *HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 634 (Tex.App.—Austin 1992, writ denied)(law implies reasonable time for performance of condition if time not of the essence).

The Settlement Memorandum plainly referred to the description of the leased premises on the attached Exhibit A and the sample FBO lease agreement attached as Exhibit B. Under the doctrine of incorporation by reference, the property description and the sample FBO lease became a part of the Settlement Memorandum. Therefore, CAI and McCasland were obligated to protect themselves by reading the exhibits and are presumed to know their terms.

No particular form of words are necessary to create a lease. *Wilson v. Wagner*, 211 S.W.2d 241, 243 (Tex.Civ.App.—San Antonio 1948, writ ref'd n.r.e.)(citing 51 C.J.S., Landlord and Tenant, Sec. 211, page 816). The instrument usually contains the name of the parties, a description of the demised property, a designation of the term, a provision for possession by the lessee, and the amount of rent with the terms of payment. *Id.* Other provisions may be desirable and useful, but they are not essential to the binding effect of the demise. *Id.* (citing *Read Drug & Chemical Co. v. Nattans*, 129 Md. 67, 98 A. 158, 160 (1916)). The Settlement Memorandum contains each of these terms. Therefore, if the conditions precedent were met, the Settlement Memorandum would not fail for indefiniteness.

### AFFIRMATIVE DEFENSES

In their first and third points of error, CAI and McCasland assert that the City failed to address the new issues raised in their amended answer, including the failure to address any of their affirmative defenses other than absence of approval, failure of consideration and lack of authority. We have previously addressed the appellants' contentions regarding the alleged conditions precedent to enforceability of the agreement, including Council approval and binding intent. Whether Fisher had the authority to execute the Settlement Agreement would not be relevant if the Council approved the agreement, thereby ratifying his execution of the agreement. We now consider the remaining affirmative defenses.

With regard to the affirmative defenses of duress, estoppel, fraud, illegality, license and waiver, CAI and McCasland, as the opponents of the summary judgment, had the burden of presenting proof to support those defenses. *Brownlee v. Brownlee*, 665 S.W.2d at 112; *Harriss v. Norsworthy*, 869 S.W.2d at 602. There is no evidence in our record sufficient to raise an issue of fact on each element of those defenses.

With regard to failure of consideration, the Settlement Memorandum itself implies consideration. *Gooch v. American Sling Co.*, 902 S.W.2d 181, 185 (Tex.App.—Fort Worth 1995, no writ); *Okemah Const., Inc. v. Barkley-Farmer, Inc.*, 583 S.W.2d 458, 460 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The parties resolved their dispute with a promise by the City to continue leasing to CAI and McCasland, and a promise by CAI and McCasland to pay rent. These mutual promises constitute sufficient consideration.

### CONCLUSION

The February, 1996 resolution is unclear with respect to whether the Council approved the Settlement Memorandum. Although the June resolution seeks to clarify the Council's intent, the timing of the resolution in relation to the rejection of the settlement by CAI and McCasland and the status of the lawsuit filed by the City is sufficient to raise a genuine issue of material fact regarding the satisfaction of this condition. In addition, a material fact issue was raised regarding the parties' intent to be bound absent a final written agreement. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.