COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MARCELINO FRANCO,


 Appellant,


v.



YSLETA INDEPENDENT SCHOOL
DISTRICT ,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00160-CV



Appeal from the


34th Judicial District Court


of El Paso County, Texas 


(TC# 2003-213) 



O P I N I O N


 Marcelino Franco appeals the trial court's order granting summary judgment in favor of
his employer the Ysleta Independent School District. In a single issue, Mr. Franco asserts that
the summary judgment was improperly granted because a genuine issue of material fact exists
regarding the formation of the settlement agreement which serves as the basis for the District's
motion. We reverse and remand.

 This appeal stems from a suit filed by Mr. Marcelino Franco, against his employer, the
Ysleta Independent School District ("YISD" or "the District") for alleged violations of the Texas
Whistleblower Act. In his original petition filed on January 15, 2003, Mr. Franco alleged that he
was indefinitely suspended from his position as principal of Presa Elementary School after he
reported asbestos hazards in the Robert F. Kennedy Pre-K Academy to school district officials. 
In its answer to the suit, the District alleged that the actions it had taken against Mr. Franco were
for legitimate business purposes, and had nothing to do with Mr. Franco's report. YISD also
filed a separate administrative proceeding with the Texas Employment Administration in an
attempt to "non-renew" Mr. Franco's employment contract as a district principal due to his
failure to conduct necessary teacher evaluations.

 On August 29, 2003, the District filed a motion to enforce a settlement agreement in the
district court. The District represented to the court that the parties reached an agreement to settle
the dispute the previous April. In support of its motion, the District attached a letter written by
its own attorney, and signed by Mr. Franco's attorney on March 28, 2003. The letter dated
March 27, 2003, stated as follows:

 This will confirm that Marcelino Franco will accept and the
Administration of Ysleta Independent School District will recommend to the
YISD Board of Trustees the following settlement proposal:


 1. YISD will dismiss [the non-renewal proceeding pending with the Texas
Employment Administration];

 2. Franco will be issued a one year contract as principal for Presa Elementary
School for the 2003-04 school year;

 3. Franco will dismiss and execute a release of all claims in Marcelino
Franco v. Ysleta Independent School District: Cause No. 2003-213; 34th
District Court;

 4. A written reprimand to Mr. Franco will be issued by YISD; and 

 5. The parties will bear their own costs and attorneys' fees. 


 We have agreed that Franco will immediately withdraw all of his Public
Information Act requests to the Ysleta Independent School District. We have also
agreed that we will jointly request that the nonrenewal hearing in Ysleta
Independent School District v. Marcelino Franco (Docket No. 070-LH-303),
which is scheduled for April 1-3, 2003, be postponed pending Board action. 

 The Administration's recommendation will be presented to the Board of
Trustees on April 1, 2003. I shall promptly let you know the decision of the
Board.

 By signing below and returning a copy to my attention, you are indicating
your acceptance of this proposal and these terms on behalf of your client, and that
you have full and actual authority to enter into such a settlement on behalf of your
client.


 No action was taken on the District's motion to enforce. On November 17, 2006, the
District filed a motion for summary judgment, and in the alternative, moved for enforcement of
the settlement agreement again. As grounds for summary judgment, the District asserted that
Mr. Franco breached the agreement by failing to dismiss the lawsuit, and by refusing to execute a
release of his claims. Mr. Franco responded by arguing: (1) the parties disagreed regarding the
existence of a settlement agreement, and therefore, a fact question existed precluding summary
judgment; and (2) the District's compromise and settlement defense, as asserted in its summary
judgment motion, was not included in any prior pleading. Subsequently, the District
supplemented its original answer and asserted the alleged settlement as an affirmative defense. 
Mr. Franco objected to the supplement on the basis that it was not timely filed. The trial court
granted the District's motion for summary judgment by written order on May 23, 2007. 
Mr. Franco appeals.

 In a single issue, Mr. Franco asserts the trial court improperly granted the District's
motion for summary judgment because a fact issue remains on the acceptance element of the
district's affirmative defense. Mr. Franco contends that the evidence he raised in his summary
judgment response controverts the District's claim that the settlement offer was accepted, and
therefore, a fact issue remains as to whether there was a "meeting of the minds" which formed a
binding agreement.

 The movant for traditional summary judgment has the burden of showing there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. See
Tex.R.Civ.P. 166a(c); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49
(Tex. 1985); Duran v. Furr's Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996,
writ denied). When a defendant is the movant for summary judgment, it must either disprove at
least one element of the plaintiff's cause of action, or conclusively establish all essential elements
of an affirmative defense. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts
to the plaintiff to present evidence raising a genuine issue of material fact. Scown v. Neie, 225
S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied). When determining whether a disputed
fact issue exists, all the evidence favorable to the non-movant must be taken as true and all
reasonable inferences including any doubts, must be resolved in the non-movant's favor. See
Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).

 A settlement agreement is a contract, and is governed by principles generally applicable
under contract law. See Kosty v. S. Shore Harbor Cmty. Ass'n, Inc., 226 S.W.3d 449, 464
(Tex.App.--Houston [1st Dist.] 2006, pet. denied). An enforceable contract is formed when the
following essential elements are satisfied between the parties to the agreement: (1) an offer; (2)
an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4)
each party's consent to the terms; and (5) execution and delivery of the contract with the intent
that it be mutual and binding. Copeland v. Alsobrook, 3 S.W.3d 598, 604 (Tex.App.--San
Antonio 1999, pet. denied). Whether the parties have come to a "meeting of the minds," and
therefore acceptance of the offer, is measured objectively according to what the parties said and
did. Id. The parties' subjective thoughts and beliefs do not control. Id. When the "meeting of
the minds" element is contested, it is a question for the fact finder. Hallmark v. Hand, 885
S.W.2d 471, 477 (Tex.App.--El Paso 1994, writ denied).

 YISD moved for summary judgment on the ground that the March 27, 2003 letter
constituted a fully formed, and enforceable, settlement agreement. The District further moved
for enforcement on the basis that Mr. Franco breached the agreement by failing to dismiss his
lawsuit. In his summary judgment response, Mr. Franco argued that a fact question remained on
whether the settlement had actually been accepted, and therefore, summary judgment could not
be properly granted.

 Mr. Franco characterized the March 27 letter as a "proposal," or an offer to enter into a
settlement, and further argued there was no "meeting of the minds" as to the specific terms, and
therefore no acceptance. In support of his argument, Mr. Franco offered his own affidavit, in
which he characterized the March 27 letter as a "proposed" compromise and settlement of both
the district court and administrative disputes. While he notes that according to the language of
the letter, the agreement was subject to approval by the District's board of trustees, he admits "I
authorized my attorney to agree to such compromise and settlement, assuming the Board
approved it." Thereafter, on April 9, 2003, Mr. Franco explains that the District's attorney sent
an additional "revised letter of understanding" which altered the terms of the original
compromise and settlement agreement. This letter, he states, was not agree to and was never
signed by him or his attorney. At the conclusion of his affidavit, Mr. Franco states that despite
his requests, the District has never supplied him with a copy of a settlement agreement which has
been approved by the board of trustees. He then states, "I have never authorized or approved any
compromise and settlement agreement with the Ysleta Independent School District that was also
accepted and approved by the Board of Trustees." Also attached to Mr. Franco's response are
two pieces of correspondence between Mr. Franco's attorney and the District's counsel, in which
Mr. Franco's attorney referred to the March 27 letter as an agreement, and expressed his client's
expectation that the District would abide by it as such.

 Mr. Franco argues in his brief that the summary judgment record contains a fact issue as
to the meeting of the minds because there is no evidence that the Board of Trustees approved the
settlement agreement according to the terms of the March 27 letter. Essentially, Mr. Franco
argues that the Board of Trustee's approval was a condition precedent to the formation, and
therefore, the enforceability of a settlement agreement. A condition precedent may be either a
condition to the initial formation of a contract, or to a party's obligation to perform. Castroville
Airport, Inc. v. City of Castroville, 974 S.W.2d 207, 210 (Tex.App.--San Antonio 1998, no pet.). 
In this case, the language of the March 27 letter and the evidence contained in Mr. Franco's
summary judgment response, raises a fact question regarding the parties' intent that a binding
settlement agreement be conditioned on the Board of Trustee's approval. The record is also
unclear as to whether the Board ever considered and approved or disapproved the agreement as
documented in the letter. Accordingly, we conclude that a genuine issue of material fact remains
regarding the contract's formation. (1) See Castroville Airport, Inc., 974 S.W.2d at 211. Therefore
summary judgment was improper. Issue One is sustained.

 Having sustained Appellant's sole issue, we reverse the summary judgment and remand
the case to the trial court.



March 12, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.
1. The District focuses the arguments in its brief on evidence that it has substantially
performed its obligations as outlined in the March 27 letter, and that Mr. Franco has breached the
agreement by not dismissing the lawsuit. The doctrine of substantial performance applies in
breach of contract actions, and allows a party who has only substantially performed its contract
obligations to recover for the opposing party's breach. See RAJ Partners, LTD. v. Darco Const.
Corp., 217 S.W.3d 638, 643 (Tex.App.--Amarillo 2006, no pet.). The doctrine has no
application in this stage of the proceedings here as a fact issue remains regarding the existence of
an agreement on which a breach of contract action could be based.