COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARCELINO FRANCO, | § | No. 08-07-00160-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| | § | |
| YSLETA INDEPENDENT SCHOOL DISTRICT , | § | of El Paso County, Texas |
| | § | (TC# 2003-213) |
| Appellee. | § | |

**O P I N I O N**

Marcelino Franco appeals the trial court's order granting summary judgment in favor of his employer the Ysleta Independent School District. In a single issue, Mr. Franco asserts that the summary judgment was improperly granted because a genuine issue of material fact exists regarding the formation of the settlement agreement which serves as the basis for the District's motion. We reverse and remand.

This appeal stems from a suit filed by Mr. Marcelino Franco, against his employer, the Ysleta Independent School District ("YISD" or "the District") for alleged violations of the Texas Whistleblower Act. In his original petition filed on January 15, 2003, Mr. Franco alleged that he was indefinitely suspended from his position as principal of Presa Elementary School after he reported asbestos hazards in the Robert F. Kennedy Pre-K Academy to school district officials. In its answer to the suit, the District alleged that the actions it had taken against Mr. Franco were for legitimate business purposes, and had nothing to do with Mr. Franco's report. YISD also filed a separate administrative proceeding with the Texas Employment Administration in an

attempt to "non-renew" Mr. Franco's employment contract as a district principal due to his failure to conduct necessary teacher evaluations.

On August 29, 2003, the District filed a motion to enforce a settlement agreement in the district court. The District represented to the court that the parties reached an agreement to settle the dispute the previous April. In support of its motion, the District attached a letter written by its own attorney, and signed by Mr. Franco's attorney on March 28, 2003. The letter dated March 27, 2003, stated as follows:

> This will confirm that Marcelino Franco will accept and the Administration of Ysleta Independent School District will recommend to the YISD Board of Trustees the following settlement proposal:
>
> 1.   YISD will dismiss [the non-renewal proceeding pending with the Texas Employment Administration];
> 2.   Franco will be issued a one year contract as principal for Presa Elementary School for the 2003-04 school year;
> 3.   Franco will dismiss and execute a release of all claims in *Marcelino Franco v. Ysleta Independent School District*: Cause No. 2003-213; 34th District Court;
> 4.   A written reprimand to Mr. Franco will be issued by YISD; and
> 5.   The parties will bear their own costs and attorneys' fees.
>
> We have agreed that Franco will immediately withdraw all of his Public Information Act requests to the Ysleta Independent School District. We have also agreed that we will jointly request that the nonrenewal hearing in *Ysleta Independent School District v. Marcelino Franco* (Docket No. 070-LH-303), which is scheduled for April 1-3, 2003, be postponed pending Board action.
> The Administration's recommendation will be presented to the Board of Trustees on April 1, 2003. I shall promptly let you know the decision of the Board.
> By signing below and returning a copy to my attention, you are indicating your acceptance of this proposal and these terms on behalf of your client, and that you have full and actual authority to enter into such a settlement on behalf of your client.

No action was taken on the District's motion to enforce. On November 17, 2006, the

District filed a motion for summary judgment, and in the alternative, moved for enforcement of the settlement agreement again. As grounds for summary judgment, the District asserted that Mr. Franco breached the agreement by failing to dismiss the lawsuit, and by refusing to execute a release of his claims. Mr. Franco responded by arguing: (1) the parties disagreed regarding the existence of a settlement agreement, and therefore, a fact question existed precluding summary judgment; and (2) the District's compromise and settlement defense, as asserted in its summary judgment motion, was not included in any prior pleading. Subsequently, the District supplemented its original answer and asserted the alleged settlement as an affirmative defense. Mr. Franco objected to the supplement on the basis that it was not timely filed. The trial court granted the District's motion for summary judgment by written order on May 23, 2007. Mr. Franco appeals.

In a single issue, Mr. Franco asserts the trial court improperly granted the District's motion for summary judgment because a fact issue remains on the acceptance element of the district's affirmative defense. Mr. Franco contends that the evidence he raised in his summary judgment response controverts the District's claim that the settlement offer was accepted, and therefore, a fact issue remains as to whether there was a "meeting of the minds" which formed a binding agreement.

The movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). When a defendant is the movant for summary judgment, it must either disprove at

least one element of the plaintiff's cause of action, or conclusively establish all essential elements of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied). When determining whether a disputed fact issue exists, all the evidence favorable to the non-movant must be taken as true and all reasonable inferences including any doubts, must be resolved in the non-movant's favor. *See Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).

A settlement agreement is a contract, and is governed by principles generally applicable under contract law. *See Kosty v. S. Shore Harbor Cmty. Ass'n, Inc.*, 226 S.W.3d 449, 464 (Tex.App.--Houston [1st Dist.] 2006, pet. denied). An enforceable contract is formed when the following essential elements are satisfied between the parties to the agreement: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex.App.--San Antonio 1999, pet. denied). Whether the parties have come to a "meeting of the minds," and therefore acceptance of the offer, is measured objectively according to what the parties said and did. *Id*. The parties' subjective thoughts and beliefs do not control. *Id*. When the "meeting of the minds" element is contested, it is a question for the fact finder. *Hallmark v. Hand*, 885 S.W.2d 471, 477 (Tex.App.--El Paso 1994, writ denied).

YISD moved for summary judgment on the ground that the March 27, 2003 letter constituted a fully formed, and enforceable, settlement agreement. The District further moved

for enforcement on the basis that Mr. Franco breached the agreement by failing to dismiss his lawsuit. In his summary judgment response, Mr. Franco argued that a fact question remained on whether the settlement had actually been accepted, and therefore, summary judgment could not be properly granted.

Mr. Franco characterized the March 27 letter as a "proposal," or an offer to enter into a settlement, and further argued there was no "meeting of the minds" as to the specific terms, and therefore no acceptance. In support of his argument, Mr. Franco offered his own affidavit, in which he characterized the March 27 letter as a "proposed" compromise and settlement of both the district court and administrative disputes. While he notes that according to the language of the letter, the agreement was subject to approval by the District's board of trustees, he admits "I authorized my attorney to agree to such compromise and settlement, assuming the Board approved it." Thereafter, on April 9, 2003, Mr. Franco explains that the District's attorney sent an additional "revised letter of understanding" which altered the terms of the original compromise and settlement agreement. This letter, he states, was not agree to and was never signed by him or his attorney. At the conclusion of his affidavit, Mr. Franco states that despite his requests, the District has never supplied him with a copy of a settlement agreement which has been approved by the board of trustees. He then states, "I have never authorized or approved any compromise and settlement agreement with the Ysleta Independent School District that was also accepted and approved by the Board of Trustees." Also attached to Mr. Franco's response are two pieces of correspondence between Mr. Franco's attorney and the District's counsel, in which Mr. Franco's attorney referred to the March 27 letter as an agreement, and expressed his client's expectation that the District would abide by it as such.

Mr. Franco argues in his brief that the summary judgment record contains a fact issue as to the meeting of the minds because there is no evidence that the Board of Trustees approved the settlement agreement according to the terms of the March 27 letter. Essentially, Mr. Franco argues that the Board of Trustee's approval was a condition precedent to the formation, and therefore, the enforceability of a settlement agreement. A condition precedent may be either a condition to the initial formation of a contract, or to a party's obligation to perform. *Castroville Airport, Inc. v. City of Castroville*, 974 S.W.2d 207, 210 (Tex.App.--San Antonio 1998, no pet.). In this case, the language of the March 27 letter and the evidence contained in Mr. Franco's summary judgment response, raises a fact question regarding the parties' intent that a binding settlement agreement be conditioned on the Board of Trustee's approval. The record is also unclear as to whether the Board ever considered and approved or disapproved the agreement as documented in the letter. Accordingly, we conclude that a genuine issue of material fact remains regarding the contract's formation.[1] *See Castroville Airport, Inc.*, 974 S.W.2d at 211. Therefore summary judgment was improper. Issue One is sustained.

Having sustained Appellant's sole issue, we reverse the summary judgment and remand the case to the trial court.

---

[1] The District focuses the arguments in its brief on evidence that it has substantially performed its obligations as outlined in the March 27 letter, and that Mr. Franco has breached the agreement by not dismissing the lawsuit. The doctrine of substantial performance applies in breach of contract actions, and allows a party who has only substantially performed its contract obligations to recover for the opposing party's breach. *See RAJ Partners, LTD. v. Darco Const. Corp.*, 217 S.W.3d 638, 643 (Tex.App.--Amarillo 2006, no pet.). The doctrine has no application in this stage of the proceedings here as a fact issue remains regarding the existence of an agreement on which a breach of contract action could be based.

March 12, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.