

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00122-CV

---

KING-JOSEPH:  PENSON II, SECURED PARTY CREDITOR, Appellant

V.

LAKEVIEW LOAN SERVICING, LLC, ALDRIDGE PITE, LLP, CODILIS & MOODY, P.C.,
JOHN BURROWS, CURTIS & ALEXANDER, P.C., AND COUNTY OF HUNT, Appellees

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 95563

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Appellant, King-Joseph: Penson, II, appeals the trial court's November 18, 2025, order granting John Burrows's and Curtis & Alexander, P.C.'s Rule 91a of the Texas Rules of Civil Procedure motions to dismiss and the trial court's December 14, 2025, order granting Lakeview Loan Servicing, LLC's Rule 91a motion to dismiss.[1] On appeal, Penson argues that the trial court erred in (1) granting the motions and (2) awarding attorney fees. We conclude that the trial court did not err in granting the motions to dismiss. We also find the trial court did not err in awarding attorney fees. Even so, we conclude there is insufficient evidence to support the awarded amount of attorney fees as it relates to Burrows and Curtis & Alexander. Accordingly, we affirm the trial court's judgment granting Appellees' motions to dismiss, but we reverse the specific amount of attorney fees awarded to Burrows and Curtis & Alexander and remand for the trial court to redetermine the reasonable and necessary attorney fees to those parties individually.

## I.      Background

Penson filed his "Original Petition to Enforce Legal Notice and Demand," naming Appellees as defendants along with three additional parties who are not part of this appeal. In his petition, Penson brought a cause of action for "enforcement of defaulted notice and breach of contract," wherein he asserted "Plaintiff and Defendants entered into a binding agreement by operation of law and commerce when Plaintiff served the Legal Notice and Demand and Defendants failed to rebut within the time allowed. Defendants' silence constituted acceptance

---

[1]We will collectively refer to Burrows, Curtis & Alexander, and Lakeview as "Appellees."

and created enforceable obligations." He attached three exhibits to his petition: (1) a copy of the legal notice and demand, (2) proof of service, and (3) "UCC-1 & UCC-3s."

Burrows filed his answer and general denial. Burrows then filed a Rule 91a motion to dismiss for failure to state a claim. Burrows argued in his motion that Penson based his suit on a "self-created 'Legal Notice and Demand,'" which Penson asserted somehow created a binding contract. Burrows argued that there was no such theory recognized by Texas law. Burrows also claimed that because there could be no binding contract, there could be no basis in law for Penson's cause of action and the case should be dismissed. Curtis & Alexander subsequently filed its original answer and general denial and then its Rule 91a motion to dismiss for failure to state a claim identical to Burrows's motion.

Penson filed a motion for summary judgment against Burrows and Curtis & Alexander representing that he was a "Secured Party" as asserted in his "Affidavit of Truth," which he attached to his motion. In his motion, Penson also responded to the Rule 91a motions, arguing in part that his claims were not based on the "self-created contract" as asserted by Burrows and Curtis & Alexander; rather, he argued that his "pleadings and evidence clearly allege **trespass and interference with a perfected security interest** after Burrows and Curtis & Alexander received actual and constructive notice. Those causes of action arise under Texas common law and the Uniform Commercial Code and are recognized bases for relief independent of any contractual formation."

Lakeview moved to dismiss under Rule 91a, also arguing that Penson's demand letter did not form a contractual agreement between Lakeview and Penson. Penson filed a response and

3

objection to Lakeview's Rule 91a motion to dismiss and a "Motion for Default Judgment, or in the Alternative, Motion for Summary Judgment."

Burrows's and Curtis & Alexander's motions to dismiss were scheduled to be heard by the trial court on November 18, 2025, and Lakeview's motion to dismiss was scheduled for hearing on December 1, 2025. After the November 18, 2025, hearing,[2] the trial court granted Burrows's and Curtis & Alexander's Rule 91a motions to dismiss. Penson filed his notice of appeal challenging the trial court's order granting Burrows's and Curtis & Alexander's motions on November 21, 2025. The trial court then held a hearing[3] on Lakeview's Rule 91a motion to dismiss and granted Lakeview's motion to dismiss on December 14, 2025. After the trial court granted Lakeview's motion to dismiss, Penson filed an amended notice of appeal, adding that he was also challenging the trial court's order granting Lakeview's Rule 91a motion to dismiss.

## II.     Standard of Review

Rule 91a.1 of the Texas Rules of Civil Procedure provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. "We review

---

[2]Penson did not attend the hearing.

[3]Penson did not attend the hearing. The appellate record also does not contain a record of the hearing.

4

the merits of a Rule 91a motion de novo." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). We apply a de novo standard of review "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas*, 494 S.W.3d at 724.

## III. Rule 91a Dismissals

> Typically, there are two circumstances in which a court may determine that a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested.

*Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 844 (Tex. App.—Dallas 2023, no pet.) (citing *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding) ("review of Texas Supreme Court cases reveals the defendant must establish the plaintiff's claims are 'foreclose[d] as a matter of law' because either '(1) the causes of action in the petition are not recognized by Texas law or (2) the causes of action are recognized, but the plaintiff has alleged facts that defeat those claims under settled law (i.e., the plaintiff has pleaded itself out of court)'" (alteration in original))).

"In ruling on the rule 91a motion, except as required by rule 91a.7—which does not apply here—a court may not consider evidence and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59." *Id.* at 845 (citing TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 654, 655 ("noting rule 91a.6 expressly

5

limits court's consideration to the pleading of the cause of action with a 'narrow class of exhibits' and stating '[r]ule 91a limits the scope of a court's factual, but not legal, inquiry'") (alteration in original)).

### A. Breach of Contract

"Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

In his first issue, Penson argues that the trial court erred in dismissing his claims because he had filed "live pleadings and written responses" and that the trial court entered orders dismissing those claims "without addressing the pleadings and record on file and without making a determination based solely on the causes of action pleaded."

In response, Appellees argue that Penson's claims are not based on a recognized legal theory set forth in Penson's pleadings in "nonsensical and ambiguous" terms. Specifically, Appellees assert that Penson failed to identify any elements of his breach of contract claim and cannot do so because there is no recognized basis of law to support Penson's argument that the "self-created 'Legal Notice and Demand'" constituted a contract of any sort. We agree.

Penson's petition states, "Plaintiff and Defendants entered into a binding agreement by operation of law and commerce when Plaintiff served the Legal Notice and Demand and Defendants failed to rebut within the time allowed. Defendants' silence constituted acceptance

6

and created enforceable obligations." However, Penson failed to present a contract under those circumstances.

> An enforceable contract is formed when the following essential elements are satisfied: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding.

*Beddingfield v. Beddingfield*, No. 10-15-00344-CV, 2018 WL 6378553, at \*3 (Tex. App.—Waco Dec. 5, 2018, pet. denied) (mem. op.) (citing *Franco v. Ysleta Indep. Sch. Dist.*, 346 S.W.3d 605, 608 (Tex. App.—El Paso 2009, no pet.)). "A contract must also be based on consideration, or 'mutuality of obligation.'" *Id.* (quoting *Iacono v. Lyons*, 16 S.W.3d 92, 94 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing *Tex. Gas Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970))).

While Penson asserts that the parties' "silence constituted acceptance and created enforceable obligations," "[s]ilence and inaction will generally not be construed as an assent to an offer." *Beale v. Manchester*, No. 01-22-00752-CV, 2024 WL 747692, at \*9 (Tex. App.— Houston [1st Dist.] Feb. 22, 2024, no pet.) (mem. op.) (citing *Tex. Ass'n of Counties Cnty. Gov't Risk Mgmt. Pool v. Matagorda Cnty.*, 52 S.W.3d 128, 132 (Tex. 2000); *Levin Law Grp., P.C. v. Sigmon*, No. 14-08-01165-CV, 2010 WL 183525, at \*4 (Tex. App.—Houston [14th Dist.] Jan. 21, 2010, pet. denied) (mem. op.) ("concluding that attorney's silence did not indicate acceptance of offer where law firm's only evidence offered to support its claim that attorney orally agreed to mediate under written terms provided by firm was attorney's lack of objection to terms"); *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 152 (Tex. App.—Houston [1st Dist.]

7

2005, pet. denied) ("Silence cannot satisfy the basic requirements of contract creation.")). Here, Appellees' lack of response to Penson's "self-created 'Legal Notice and Demand'" cannot suffice to create a binding contract on the parties.

Accordingly, we conclude that even if Penson's allegations are taken as true, he did not allege that there was a valid contract that had been breached. Nor could the existence of a valid contract have been reasonably inferred from Penson's allegations. As a result, Penson's allegations, taken as true, together with inferences reasonably drawn from them, do not entitle him to relief on his claim against Appellees for breach of contract. *See Runge v. Raytheon E-Sys., Inc.*, 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no pet.); *see also Beddingfield*, 2018 WL 6378553, at *4.

For these reasons, we find that Penson's claim against Appellees for breach of contract has no basis in law, and the trial court did not err in granting the Appellees' Rule 91a motions to dismiss as to the breach-of-contract claim against Appellees. *See* TEX. R. CIV. P. 91a.1.

**B.     Declaratory Relief**

Penson's live pleading also sought a declaration "that the terms of the Legal Notice and Demand are binding, unrebutted, and enforceable as a valid contract." On appeal, he argues that "[a] request for declaratory relief therefore cannot be dismissed as having 'no basis in law' unless the pleadings fail to invoke any recognized legal controversy."

"The critical requirements to obtain a declaratory judgment are the existence of a justiciable controversy as to the rights and status of the parties that the declaration sought will resolve." *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 808 (Tex. App.—

8

Houston [14th Dist.] 2018, no pet.) (citing *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Drexel Corp. v. Edgewood Dev., Ltd.*, 417 S.W.3d 672, 674–75 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Village of Tiki Island v. Premier Tierra Holdings, Inc.*, 555 S.W.3d 738, 744–45 (Tex. App.—Houston [14th Dist.] 2018, no pet.)). "A justiciable controversy involves a real and substantial dispute including a genuine conflict of tangible interests, rather than merely a theoretical disagreement." *Id.* (citing *Village of Tiki Island*, 555 S.W.3d at 744–45). "Parties may pursue a declaratory judgment action only 'if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.'" *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 883 (Tex. 2020) (quoting *Bonham State Bank*, 907 S.W.2d at 467).

The relief sought by Penson's declaratory judgment relates directly to the "Legal Notice and Demand"—specifically requesting the trial court declare the terms of the notice to create a binding, valid contract. Having already determined that the trial court did not err in dismissing the breach of contract claim because no valid contract exists, and therefore the pleadings failed to invoke a recognized legal controversy, we likewise conclude that the trial court did not err in dismissing the declaratory judgment claim.

Accordingly, Penson's first issue is overruled.

## IV.  Attorney Fees

Penson also asserts that the trial court erred in awarding attorney fees under Rule 91a "because the dismissal was improper and the record does not support a fee award under the rule."

We have already determined that dismissal was not improper; accordingly, we only need to address whether the fee award was supported under the rule.

Under Texas law, attorney fees are not recoverable unless specifically provided by contract or statute. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). With respect to attorney fees regarding a motion filed under Rule 91a, Rule 91a.7 of the Texas Rules of Civil Procedure provides,

> Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. Any award of costs or fees must be based on evidence.

TEX. R. CIV. P. 91a.7.

"Rule 91a.7 requires an award of reasonable and necessary attorney's fees that a prevailing party 'incurred with respect to the challenged cause of action in the trial court.'" *Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *18 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.) (quoting TEX. R. CIV. P. 91a.7 (quoting *Weizhong Zheng v. Vaction Network, Inc.*, 468 S.W.3d 180, 187 (Tex. App.—Houston [14th Dist.] 2015, pet. denied))). "Awarded attorney's fees must be 'associated with' the challenged cause of action, '*including* fees for preparing or responding to the motion to dismiss.'" *Id.* (quoting TEX. R. CIV. P. 91a.7 2013 cmt.) (citing *Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 WL 6493411, at *3 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.)). "Accordingly, any fees so associated are not limited to those incurred only with regard to filing the motion to dismiss." *Id.* (citing *Drake*, 2014 WL 6493411, at *3). "Both reasonableness and

10

necessity are fact questions that are, of course, determined based on the proffered evidence." *Id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 514 (Tex. App.—El Paso 2014, no pet.)).

"[T]he fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.*

Here, the trial court received testimony from Burrows's and Curtis & Alexander's counsel that:

> My attorney's fees in responding to the lawsuit -- [Penson] has filed multiple things, including a response. In this case, he filed a Motion for Summary Judgment, a Motion for Default Judgment. It's been just continuous since the original petition filed on October 22nd.
>
> My attorney's fees on behalf of Mr. Burrows is $3,200.24 – I'm sorry -- $3,224.22, at the same amount representing my law firm. I had to do the same work in both cases. So we would ask that you grant attorney's fees for -- against the Plaintiff, in favor of John Burrows, and against the Plaintiff and in favor of Curtis & Alexander, PC, and dismiss the lawsuit.

Based on this record, counsel for Burrows and Curtis & Alexander solely stated the amount of fees without any explanation as to what was done to incur such fees for each party. Additionally, counsel's representation was conclusory, provided no evidence of the reasonable

11

hours worked and the reasonable billable rate, and fell short of the requirements of *Rohrmoos*. Simply stating that counsel had to respond to numerous filings does not explain the reasonableness or necessity of the fees incurred. Accordingly, while the trial court did not err in awarding attorney fees, "[b]ecause the evidence was insufficient to support the awarded amount of attorney fees, . . . the appropriate disposition is to reverse the award and remand the issue for the trial court to redetermine a reasonable and necessary amount for trial attorney's fees." *Fiamma Statler, LP*, 2020 WL 6334470, at \*19 (citing *Long v. Griffin*, 442 S.W.3d 253, 255–56 (Tex. 2014) (per curiam)).

## V.  Conclusion

We affirm the trial court's judgment dismissing Burrows's and Curtis & Alexander's motions to dismiss. Because we find the evidence legally insufficient to show reasonableness and necessity as to Burrows's and Curtis & Alexander's attorney fees, we reverse and remand this issue for the trial court to redetermine and enter an award for attorney fees for each party under Rule 91a7.

We affirm the judgment in whole as it relates to Lakeview.

Scott E. Stevens
Chief Justice

Date Submitted:     March 18, 2026
Date Decided:       April 30, 2026

12